UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| DONNA GONCHAROV, | |
| Plaintiff, | 3:12-CV-01014 (CSH) |
| v. | |
| PHILIPS ELECTRONICS NORTH AMERICA CORP. | October 22, 2014 |
| Defendant. | |

**ORDER**

**HAIGHT,** Senior District Judge:

There has been no activity in this case for close to a year. This Order directs the parties to adhere to the Court's scheduling deadline or to file closing papers discontinuing this case.

Plaintiff filed this lawsuit on July 12, 2012, after receiving a Notice of Right to Sue from the Equal Employment Opportunity Commission ("EEOC"). Doc. [1]. She alleges that her former employer, Defendant Philips Electronics North America Corporation, willfully terminated her employment because of her age in violation of the Age Discrimination and Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621 et seq. *Id.*

On August 28, 2013, after discovery in this case had begun, the EEOC issued a Letter of Determination ("LOD") finding probable cause that Plaintiff, and a class of similarly situated employees, were discriminated against because of their age in violation of the ADEA. The LOD states in relevant part:

> This determination is final. The ADEA requires that, if the Commission determines that there is reasonable cause to believe that violations have occurred, it shall endeavor to eliminate the alleged unlawful employment practices by informal methods of conference,

> conciliation, and persuasion. Having determined that there is a reason to believe that violations have occurred, the Commission now invites Respondent [Philips] to join with it in an effort toward a just resolution of this matter. Enclosed is a letter outlining the proposed terms of conciliation.

Doc. [41] Ex. 1 at 2; *see also* 42 U.S.C § 2000e-5(b); *Johnson & Higgins*, 91 F.3d 1529, 1534 (2d Cir. 1996) (EEOC may sue only after exhausting conciliation efforts). The enclosed letter outlining proposed terms of conciliation or other papers enclosed therewith included a "demand on . . . [D]efendant outlining certain monetary and non-monetary relief." Doc. [41] at 1.

On September 9, 2013, Plaintiff filed a motion for a "60-day stay [to] be entered in this case so that the parties may participate in the Commission's Conciliation process, which could potentially resolve the case without further Court involvement." *Id.* at 2. The Court granted that motion over Defendant's objection on September 26, 2013, ordering that "[a]ll existing case deadlines are to be extended by sixty (60) days following the conclusion of the aforementioned Conciliation process, if that process is unsuccessful at its conclusion." Doc. [44]. Thus, unless the Conciliation process proved successful and this case discontinued as a result, the Court's Order staying the case for sixty days functioned to enlarge the deadlines set forth in the operative Scheduling Order (Doc. #40) such that: discovery was to be completed not later than February 14, 2014, dispositive motions were to be filed on or before April 15, 2014, and the Joint Trial Memorandum was to be filed by May 15, 2014, or forty-five days after the Court's ruling on summary judgment. The parties did not file dispositive motions. Consequently, the Joint Trial Memorandum was to be filed not later than May 15, 2014. That deadline passed five months ago.

Based on the foregoing, the Court orders the parties to file their Joint Trial Memorandum by not later than November 17, 2014, unless closing papers are filed and the case discontinued before

that date.

The temporary stay in this case, which expired sixty days from the Court's Order directing it (Doc. #44), shall be administratively lifted by the Clerk.

IT IS SO ORDERED.

Dated: New Haven, Connecticut

October 22, 2014

/s/ *Charles S. Haight, Jr.*
CHARLES S. HAIGHT, JR.
Senior United States District Judge